UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) No. 4:25-CV-00451 RWS |
| UNITED STATES POSTAL SERVICE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee.[1] [ECF No. 2]. Plaintiff's motion to proceed in forma pauperis will be denied. Additionally, for the reasons discussed below, this case will be dismissed for lack of jurisdiction. Furthermore, plaintiff's complaint is alternatively subject to dismissal as malicious. *See* 28 U.S.C. § 1915(e).

## Background

In the past month, plaintiff has filed a total of thirteen (13) cases in this Court, six (6) of which have already been dismissed for lack of subject matter jurisdiction and venue. *See Greene*

---

[1] Plaintiff Cedric Greene lists his wife, Valerie Stephen, as a co-plaintiff in this action. Stephen has not signed the complaint, nor has she paid the $405 filing fee or filed a motion to proceed in forma pauperis in this action. Greene, who is proceeding pro se in this case, may not represent another pro se litigant in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Servs., Inc.,* 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney . . . may not engage in the practice of law on behalf of others"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause . . . A person must be litigating an interest personal to him"); *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). Accordingly, the Court will strike plaintiff Stephen from this action.

*v. Rite Aid – Culver City*, No. 4:25-CV-300-SRW (E.D. Mo.) (filed Mar. 10, 2025, dismissed Mar. 27, 2025); *Greene v. Dudek*, No. 4:25-CV-270-SRW (E.D. Mo. filed Mar. 5, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-304-RWS (filed Mar. 11, 2025, dismissed Mar. 31, 2025); *Greene v. MV Transp.*, No. 4:25-CV-312-SPM (filed Mar. 12, 2025); *Greene v. Astrana Health*, No. 4:25-CV-323-SRC (filed Mar. 13, 2025); *Greene v. Access Servs., Inc.*, No. 4:25-CV-334-SPM (filed Mar. 18, 2025, dismissed Mar. 28, 2025); *Greene v. 430 S. Los Angeles St., LLC*, No. 4:25-CV-341-RWS (filed Mar. 19, 2025, dismissed Mar. 31, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-366-SRW (filed Mar. 22, 2025, dismissed Mar. 31, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-385-JSD (filed Mar. 26, 2025); *Greene v. LA Care Health Plan*, No. 4:25-CV-413-RHH (filed Mar. 30, 2025, dismissed Mar. 31, 2025); *Greene v. Garland County, Arkansas*, No. 4:25-CV-426-SRW (filed Apr. 1, 2025); *Greene v. Salvation Army Bell Shelter*, No. 4:25-CV-432-ACL (filed Apr. 2, 2025).

The Court is aware that several other federal courts have already imposed filing restrictions on plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

## The Complaint

Plaintiff's complaint indicates he is attempting to bring the instant action against the United States Postal Service for the alleged mishandling of certified mail that he attempted to send in

2023. This is the second time plaintiff has attempted to seek relief in a federal district court for the instant claims. *See* ECF No. 1 at 2.

As plaintiff explains the procedural posture of this action, he originally filed a lawsuit against the United States Postal Service in the United States Court of Federal Claims. *See Greene v. United States,* No. 1:23-CV-1821 MRS (Fed. Cl. Jan. 29, 2024). Plaintiff asserts that he sent a certified mail package to his great-granddaughter in Georgia in September of 2023, containing a money order for an unspecified value. *Id*. He alleges that the package was lost or damaged and had not been delivered as of the date he filed his complaint in federal court, on October 16, 2023. *Id.*

On November 8, 2023, the Court of Federal Claims received a letter from plaintiff requesting that the court take judicial notice that a second package was mishandled and delayed by the Postal Service because it was sent through a mail distribution center in North Carolina before being delivered to its intended address. *Id*.

Plaintiff argued in the Court of Federal Claims that his claims involved a "taking" under the Fifth Amendment. However, on January 29, 2024, the Court of Federal Claims reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and found that it lacked jurisdiction over his action.[2] Furthermore, even if the court had jurisdiction, the court found that a transfer of the action was unwarranted, and a pre-filing injunction was necessary due to plaintiff's litigation history. *Id.*

---

[2] The Court of Federal Claims found that plaintiff's allegations of an alleged mishandling of mail by the Postal Service arose in tort. Thus, under the Tucker Act, the court lacked jurisdiction over his claims. *See* 28 U.S.C. § 1491 (emphasis added); *see also Webber v. United States*, 231 Ct. Cl. 1009 (1982) (a claim based on failure to deliver mail sounds in tort) (citing *Threatt v. United States*, 77 Ct. Cl. 645, 646 (1933) (claims based upon failure to deliver mail "aris[e] in tort and not upon a contract")); *Lucas v. United States*, 228 Ct. Cl. 860, 862 (1981) ("[P]laintiff's claims based upon the delay in transmitting the letter sound in tort.").

Although plaintiff appealed the judgment, his appeal was dismissed on May 17, 2024 for failure to prosecute. *Greene v. United States*, No. 24-1475 (Fed. Cir. 2024). Plaintiff appears to have attempted to "transfer" the case thereafter to the Second Circuit Court of Appeals on June 14, 2024. *Greene v. United States*, No. 24-2076 (2nd Cir. 2024). However, the Court of Appeals denied plaintiff's motion to proceed in forma pauperis and dismissed the appeal on October 21, 2024.[3] *Id.*

In the instant complaint, plaintiff argues:

This case should have arrived here via a transfer order from the previous federal venue due to unconstitutional sanctions reasons. The Federal Claims Court should have transmitted the case to a higher level in Federal Court system once we saw that the case was beyond the scope of the Claims Court authority. None of the foregoing occurred. They instead made it a priority to take aim at the grand-father [sic] of the child. *They totally ignored Greene's Constitutional Rights, and the Constitutional Rights of his family*, mainly the child's mother, and the two great grand-mother[s] [sic] of the child.

ECF No. 1 at 4.

Plaintiff requests that his action "get processed" in Missouri. He seeks monetary damages.

*Id.*

## Discussion

"[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against

---

[3] Plaintiff filed a pro se action against the United States Postal Service with new different allegations than the instant case in the United States District Court for the Northern District of Illinois on September 16, 2024. *See Greene v. United States Postal Service*, No. 1:24-CV-8507 RWG (N.D. Ill. Sept. 19, 2024). In that case, plaintiff alleged that postal employees in Hot Springs, Arkansas, made an improper determination that mail plaintiff was attempting to send was addressed improperly and could not be forwarded. However, when plaintiff received the mail, it had been "tampered with." *Id.* On September 19, 2024, Judge Robert W. Gettleman reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and dismissed the action for lack of subject matter jurisdiction. *Id.* The Seventh Circuit Court of Appeals affirmed the dismissal on February 4, 2025. *Greene v. United States*, No. 24-2710 (7th Cir. 2025).

the United States, for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). But the district courts' jurisdiction is limited by statute. The Federal Tort Claims Act (FTCA) waives the federal government's sovereign immunity only in certain types of cases. Its provisions "shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also Dolan v. United States Postal Serv.,* 546 U.S. 481, 484 (2006); *Naskar v. United States*, 82 Fed. Cl. 319, 321 (2008). Because plaintiff alleges the loss, mishandling, or negligent transmission of his mail in transit to its intended recipients, his claims fall within the postal exception to the FTCA. 28 U.S.C. § 2680(b); *Dolan,* 546 U.S. at 486-87; *Naskar*, 82 Fed. Cl. at 321. A district court would have no jurisdiction over those claims under the FTCA or any other federal statute that this court is aware of. As such, it is apparent that this Court lacks jurisdiction over plaintiff's action, and it is subject to dismissal.

Additionally, the Court notes that plaintiff is no doubt forum shopping by attempting to relitigate this action in a new district court because he previously received a result in the Court of Federal Claims that was undesirable. Plaintiff's abuse of the judicial system has resulted in filing restrictions and monetary sanctions across the United States. He has a history of filing frivolous actions and attempting to "transfer" cases from district court to district court without thought to the Federal Rules of Civil Procedure, how the federal appellate system functions or the confines of federal venue.

In the present case, plaintiff, who is a California resident, has failed to allege a basis for proper venue. He makes no allegations of any acts or omissions occurring within the jurisdictional

boundaries of this district, nor intimates that any transactions or occurrences happened within this district. *See* 28 U.S.C. § 1391(b). Venue is obviously improper within the Eastern District of Missouri; however, plaintiff filed the instant action here without a thought to the frivolous and malicious nature of his arguments.

In addition to the cases mentioned above, this is also not the first set of allegations plaintiff has brought against the United States Postal Service. He filed at least two similar complaints in other courts, where he alleged that he sent mail to a family member, and it was tampered with. *See Greene v. United States Postal Serv.,* No. C19-0129-JCC, 2019 WL 859134, at *1 (W.D. Wash. Feb. 22, 2019) (alleging that the Postal Service lost the money from a birthday card that plaintiff mailed to his grandson), *aff'd* 2019 WL 8266872 (9th Cir. 2019); *Greene v. United States Postal Serv.,* No. 19-CV-01495-LTB-GPG, 2019 WL 9093603, at *2 (D. Colo. July 23, 2019) (same), *aff'd* 795 F. App'x 581 (10th Cir. 2019).

Both of those cases were dismissed, and both were affirmed on appeal. In Colorado, the court denied plaintiff's application to proceed in forma pauperis. *Greene v. United States Postal Serv.,* 2019 WL 9093603, at *1. After that, plaintiff attempted to have the Northern District of Texas review the Tenth Circuit's decisions, resulting in dismissal and sanctions. *See Greene v. United States Postal Serv.,* No. 3:20-CV-1172-E-BK, 2020 WL 3455130, at *1 (N.D. Tex. May 26, 2020), *report and recommendation adopted*, No. 3:20-CV-1172-E-BK, 2020 WL 3452279 (N.D. Tex. June 24, 2020) (dismissing complaint and sanctioning plaintiff for frivolous and vexatious litigation).

Because plaintiff has repeatedly and knowingly engaged in litigation practices that amount to abuse of the judicial process, and as it is apparent he filed the instant complaint as part of a

general campaign of harassment, not in a legitimate attempt to vindicate a cognizable right, the Court will additionally dismiss this action as malicious pursuant to 28 U.S.C. § 1915(e). *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff Valerie Stephen is **STRICKEN** from this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that, alternatively, this action is **DISMISSED as malicious**. *See* 28 U.S.C. § 1915(e).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 14th day of April, 2025.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE